UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY STANLEY,

        Plaintiff,                             Case No. 18-cv-10207

     v.                                    District Judge Paul D. Borman

BEVERLY HAYNES-LOVE,             Magistrate Judge Mona K. Majzoub
JOHN BEECHER, STANLEY DAVIDSON,
and SPENCER BURKE,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Johnny Stanley, a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed this *pro se* civil rights matter against a number of employees of the Michigan Department of Corrections ("MDOC"). (Docket no. 1.) Plaintiff contends that Defendants acted with deliberate indifference to his medical needs and seeks damages pursuant to 42 U.S.C. § 1983. (*Id.*) This matter has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 7.)

      Before the Court is the MDOC Defendants' Motions to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss. (Docket no. 17.) Later-served Defendant Spencer Burke filed a separate motion on the same basis. (Docket no. 21.) Plaintiff filed a response to the MDOC Defendants' Motion. (Docket no. 18.) Plaintiff also filed a motion requesting that the Court allow him to pay the full filing fee, as opposed to dismissing the matter, if the Court determines that he

1

his *in forma pauperis* status should be revoked. (Docket no. 22.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

### I. RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendants' motions to revoke Plaintiff's *in forma pauperis* status (docket no. 17; docket no. 21) be **GRANTED IN PART** and **DENIED IN PART**. The Court should revoke Plaintiff's *in forma pauperis* status, but instead of dismissing the case the Court should **GRANT** Plaintiff's motion to pay the full filing fee (docket no. 22). Plaintiff should be directed to pay the full filing fee within thirty days of the date of this Report and Recommendation.

### II. REPORT

#### A. Background

Plaintiff contends that Defendants acted with deliberate indifference to his medical needs by refusing to comply with a medical detail to provide Plaintiff with plastic bags to cover a cast on his ankle during showers. (Docket no. 1, p. 6.) Plaintiff asserts that Defendants' actions violate the First Amendment, Eighth Amendment, and the Americans with Disabilities Act, and seeks damages under 42 U.S.C. § 1983. (*Id.*) Plaintiff submitted an application to proceed in this Court without prepaying fees or costs (docket no. 2), which was granted pursuant to 28 U.S.C. §1915(a)(1). (Docket no. 3.)

In response to Plaintiff's complaint, Defendants filed motions to revoke Plaintiff's *in forma pauperis* status on the basis that Plaintiff has on three or more occasions filed an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. (Docket no. 17; docket no. 21.) Plaintiff filed a response to the first motion (docket

no. 18), and also filed a motion requesting that, in the event his *in forma pauperis* status is revoked, the Court permit him to pay the full filing fee instead of dismissing his case. (Docket no. 22.)

As of the date of this Report and Recommendation, Plaintiff has paid $350 toward his filing fee, the full amount for plaintiffs granted *in forma pauperis* status, but $50 less than the $400 filing fee for a civil case. (Docket no. 23.)

### B. Law and Analysis

Defendants move to revoke Plaintiff's *in forma pauperis* status and to dismiss the complaint on that basis. (Docket no. 17; docket no. 21.) In support, Defendants cite 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detailed in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(*Id*.) If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004).

Defendants cite three prior actions that were dismissed as meritless, *Stanley v. Leibson, et al.*, No. 2:09-cv-12202 (E.D. Mich. 2012); *Stanley v. Hand, et al.*, No. 2:07-cv-13114 (E.D. Mich. 2008); and *Stanley v. Collins*, No. 2:04-cv-71098 (E.D. Mich. 2004)). Defendants further observe that Plaintiff's *in forma pauperis* status was revoked in a 2015 case in this Court, *Stanley v. U.S. Dep't of Justice*, No. 2:15-cv-12269 (E.D. Mich. Aug. 14, 2015). (Docket no. 17, pp. 8-9.)

Plaintiff offers no persuasive counterarguments, and he has not alleged any facts to establish that he is in imminent danger of serious physical injury. Accordingly, the Court should revoke Plaintiff's *in forma pauperis* status.

As addressed above, Plaintiff has paid $350 toward the $400 filing fee. (Docket no. 23.) Plaintiff moves for leave to file the entire filing fee within thirty days. (Docket no. 22.) The Court should grant Plaintiff's request for leave to pay the full filing fee within thirty days.

### C. Conclusion

For the reasons stated above, the undersigned recommends that Defendants' motions to revoke Plaintiff's *in forma pauperis* status (docket no. 17; docket no. 21) be **GRANTED IN PART** and **DENIED IN PART**. The Court should revoke Plaintiff's *in forma pauperis* status, but instead of dismissing the case the Court should **GRANT** Plaintiff's motion to pay the full filing fee (docket no. 22). Plaintiff should be directed to pay the full filing fee within thirty days of the date of this Report and Recommendation.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 15, 2018        s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: August 15, 2018        s/ Leanne Hosking
                              Case Manager