**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHNNY STANLEY,

       Plaintiff,                     Case No. 18-cv-10207

  v.                                  District Judge Paul D. Borman

BEVERLY HAYNES-LOVE,            Magistrate Judge Mona K. Majzoub
JOHN BEECHER, STANLEY DAVIDSON,
and SPENCER BURKE,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Johnny Stanley, a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed this *pro se* civil rights matter against four employees of the Michigan Department of Corrections ("MDOC"). (Docket no. 1.) Plaintiff contends that Defendants acted with deliberate indifference to his medical needs and seeks damages pursuant to 42 U.S.C. § 1983. (*Id.*)

Before the Court is Defendants' motion for summary judgment. (Docket no. 30.) This matter has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 7.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

1

**I.     RECOMMENDATION**

For the reasons set forth below, Defendants' motion for summary judgment (docket no. 30) should be **GRANTED**, and Plaintiff's complaint should be dismissed in its entirety.

**II.    REPORT**

    **A.  Background**

In November of 2014, Plaintiff underwent surgery to his right ankle and was required to wear a cast during recovery. (Docket no. 1, pp. 17, 19.) Nurse Practitioner Wendy Liu directed Plaintiff to cover the cast with two trash bags when he took a shower. (*Id.* at 6.) Initially, Corrections Officers John Beecher and Beverly Haynes-Love gave Plaintiff two bags per day without incident. (*Id.*) On January 9, 2015, however, Officer Beecher explained that he and Officer Haynes-Love contacted Nurse "Spence" (i.e., Defendant Spencer Burke), who determined that Plaintiff could use one trash bag to shower and should reuse each bag for one week. (*Id.* at 7.)

Plaintiff wrote a grievance against Officer Beecher, contending that NP Liu's medical detail entitled him to two bags per day. (*Id.* at 28.) On February 3, 2015, Prisoner Counsel Stanley Davidson met with Plaintiff and resolved the grievance by agreeing that Plaintiff should continue to receive two bags per day according to NP Liu's detail. (*Id.*)

On February 9, 2015, Officer Haynes-Love declined to give Plaintiff two trash bags because NP Liu's detail had expired. (*Id.* at 30, 32.) Plaintiff obtained one bag from another prisoner and took a shower. (*Id.* at 11.) Upon discovering that his cast was wet, he reported to the prison's Health Services department. (*Id.*) The next day, Plaintiff was driven to Allegiance Hospital to have his cast changed, but when he arrived he was told that his appointment had been cancelled. (*Id.*) On returning to the prison, Plaintiff was examined by Nurse Spence, who

determined that his cast did not need to be changed. (*Id.* at 12.) Plaintiff again met with Prisoner Counsel Davidson, who explained that Plaintiff would not be given more trash bags until NP Liu issued a new detail. (*Id.*) Plaintiff was unable to take a shower until NP Liu issued a new detail on February 12, 2015.

Plaintiff contends that Defendants' actions violate the First Amendment, the Eighth Amendment, and the Americans with Disabilities Act. (*Id.* at 13–14.) Plaintiff seeks damages under 42 U.S.C. § 1983 and declaratory relief. (*Id.*)

On October 23, 2018, Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket no. 30.) On the same day, Defendants moved to stay discovery pending resolution of their motion for summary judgment. (Docket no. 31.) Discovery in this matter opened on September 12, 2018 and is set to continue through June 21, 2019. (Docket no. 29.)

Plaintiff did not respond directly to Defendant's motion for summary judgment. However, in response to Defendants' motion to stay discovery, Plaintiff contended that "this court should not grant summary judgment against a party who has not had an opportunity to pursue discovery." (Docket no. 33, p. 3.)

### B. Standard of Review

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

### C. Analysis

#### 1. *Plaintiff's Rule 56(d) Submission*

As noted above, Plaintiff opposes Defendants' motion for summary judgment because he has not had an opportunity to conduct discovery in this matter. (Docket no. 33, p. 3.) If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to oppose a motion for summary judgment, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d)

In analyzing a submission under Rule 56(d), the court should consider (1) when the nonmovant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would affect the outcome of the case; (3) how long the discovery period had lasted; (4) whether the nonmovant was dilatory in its discovery efforts; and (5) whether the movant was responsive to discovery requests. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (interpreting former Rule 56(f)) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir.1995)).

Typically, when the parties have no opportunity for discovery, denying a Rule 56(d) motion and ruling on a summary judgment motion is likely to be an abuse of discretion. *Id.* (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). However, the Sixth Circuit has upheld the denial of Rule 56(d) motions when a court "deems as too vague the affidavits submitted in support of the motion." *Id.*; *Ball*, 385 F.3d at 720 ("It is not an abuse of discretion for the district court to deny the discovery request when the party 'makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered.'"). Similarly, a court may deny a Rule 56(d) request if "further discovery would not have changed the legal and factual deficiencies." *Id.* (citing *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996)).

Plaintiff submitted an affidavit describing the type of discovery he seeks to rebut the substance of Defendants' motion for summary judgment. (Docket no. 33, pp. 8–9.) In particular, Plaintiff contends that he needs discovery to show: (1) that he reported to health services on February 9, 2015 to complain that his cast had become wet from taking a shower, and (2) that he was taken for an "off-site hospital run to Allegiance Hospital on February 10, 2015." Defendants

5

do not dispute these issues. (*See* docket no. 30, p. 16 ("[I]f Stanley got his cast wet, there is simply no evidence that a wet cast posed a serious medical concern."); docket no. 33, p. 11 (grievance response indicates that Plaintiff's health records "reflect the appointment to have the cast removed on 2/10/15 was cancelled and rescheduled, due to the doctor not being available").)

For the reasons set forth below, the discovery Plaintiff seeks would not create a genuine dispute of material fact. To the contrary, Defendant's motion can be granted even assuming the allegations in Plaintiff's complaint to be true.

### 2. *Failure to State a Claim*

Defendants contend that Plaintiff fails to establish his claims under the First Amendment, the Eighth Amendment and the Americans with Disabilities Act. (Docket no. 30.) Although Defendants submit affidavits pertaining to questions of fact, these questions are not material. Instead, the motion can be decided on the pleadings. *See* Fed. R. Civ. P. 12(c).

#### a. First Amendment

Plaintiff contends that Defendants violated the First Amendment by denying him the trash bags needed to cover his cast in retaliation for filing a grievance. (Docket no. 1, pp. 13, 29.)

Prison officials may not retaliate against inmates who have engaged in constitutionally protected activities or conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). A retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Id.* (citations omitted).

Defendants contend that Plaintiff cannot demonstrate that he was subjected to an "adverse action." (Docket no. 30, pp. 10–11.) An adverse action is one that would "chill or silence a 'person of ordinary firmness' from future First Amendment activities." *Thaddeus-X*, 175 F.3d at 396 (citing *Crawford–El v. Britton*, 93 F.3d 813, 826 (D.C. Cir.1996)).

Examples of "adverse action" include increasing a prisoner's security-level classification resulting in more restrictions and fewer privileges, *Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010), placing an inmate in administrative segregation, *Herron v. Harrison*, 203 F.3d 410, 416 (6th Cir. 2000), confiscating legal papers and other property, *Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir. 2002), subjecting a prisoner to retaliatory cell searches, *id.*, and damaging a prisoner's personal property, *LaFountain v. Harry*, 716 F.3d 944, 948–49 (6th Cir. 2013).

In contrast, "routine inconveniences of prison life . . . do not constitute adverse action." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011) (citing *Tate v. Campbell*, 85 Fed. App'x. 413, 417 (6th Cir. 2003) (no "adverse action" where "the single search of a prison cubicle would not deter a person of 'ordinary firmness' from pursuing constitutional grievances"); *Hix v. Tenn. Dep't of Corr.*, 196 Fed. App'x. 350, 358 (6th Cir. 2006) (the transfer of an inmate to another prison in the absence of "foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts" is not adverse action); *Harbin–Bey v. Rutter*, 420 F.3d 571, 579–80 (6th Cir. 2005) (defendant's filing of "Notices of Intent to Conduct an Administrative Hearing," which did not result in loss of inmate privileges, did not qualify as "adverse action")).

As set forth above, Plaintiff contends that Officers Beecher and Haynes-Love declined to give him trash bags for showering on February 9, 10 and 11, 2015, a period during which NP Liu's two-bags-per-day prescription had lapsed. (Docket no. 1, pp. 11, 12, 30, 32.) This allegedly adverse action would not deter a person of ordinary firmness from exercising First Amendment

rights and therefore falls below the *de minimis* threshold established in *Thaddeus-X*. On this basis, the Court should dismiss Plaintiff's First Amendment claim.

### b. Eighth Amendment

Plaintiff contends that Defendants violated the Eighth Amendment by refusing to give him the trash bags that he needed to protect his cast while showering. (Docket no. 1, pp. 13–14.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes, including the unnecessary and wanton infliction of pain through deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. *Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981) (lodging two inmates in one cell was not cruel and unusual punishment).

The Sixth Circuit has held that deprivation of a shower and other personal hygiene items for a "brief span of time . . ., i.e., only six days" is not actionable conduct. *Siller v. Dean*, 205 F.3d 1341 (6th Cir. Feb. 1, 2000) (unpublished decision); *see Walker v. Mintzes*, 771 F.2d 920, 928 (6th Cir. 1985) (affirming the district court's order that general-population prisoners receive three showers per week as a constitutional minimum).

Plaintiff asserts that Defendants denied him trash bags to cover his cast for three days in February 2015. (Docket no. 1, pp. 11–12.) As a result, Plaintiff contends that his cast got wet on February 9, 2015 and that he was unable to shower on February 10 and 11, 2015. (*Id.*) Under the authority described above, this alleged conduct does not rise to the level of cruel and unusual punishment. Therefore, the Court should dismiss Plaintiff's Eighth Amendment claim.

c. <u>Americans with Disabilities Act</u>

Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA") by declining to provide him trash bags and thereby preventing him from showering. (Docket no. 1, p. 14.)

Title II of the ADA prohibits public entities from denying benefits to disabled individuals. 42 U.S.C. § 12132. For purposes of Title II, the term "public entity" means "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131. Accordingly, Title II does not recognize Plaintiff's claims against Defendants in their individual capacities. *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) (unpublished) (citing *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir. 1999)).

Plaintiff also sues Defendants in their official capacities, but the Eleventh Amendment bars Title II claims sounding in the Equal Protection Clause against state entities. *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002) (citing *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L.Ed.2d 866 (2001); *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808 (6th Cir. 2002)).

That bar is subject to an exception for claims for injunctive relief against individual state officials in their official capacities. *Id.* (citing *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). Plaintiff seeks no injunctive relief. (Docket no. 1, pp. 14–15.)

Plaintiff requests declaratory relief on his ADA claim, but under applicable precedent that claim should be considered moot. In determining whether a request for declaratory relief has become moot, courts consider "whether the facts alleged, under all the circumstances, show that

9

there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Co.*, 312 U.S. 270, 61 S. Ct. 510, 85 L. Ed. 826 (1941).

"The case or controversy requirement in Article III of the Constitution determines the power of the federal courts to entertain a suit." *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 429 (6th Cir. 2013). Article III Courts lack the power to adjudicate disputes that are moot, and "[t]he mootness inquiry must be made at every stage of a case." *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L.Ed.2d 491 (1969). "The test for mootness is 'whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018) (citing *McPherson*, 119 F.3d at 458 (quoting *In re Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992))).

Plaintiff requests that the Court declare "that all Defendants named as parties in this complaint violated Plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act because the Plaintiff was denied accommodation to shower properly and the Plaintiff was denied the right to shower like all prisoners at Cotton." (Docket no. 1, p. 15.) However, Plaintiff does not allege that he was denied trash bags after NP Liu renewed his detail on February 12, 2015. Nor do the circumstances indicate that this dispute is in any way "live" except for Plaintiff's claim for money damages. Accordingly, the Court should find that Plaintiff's request for declaratory relief is moot.

### D. Conclusion

For the reasons set forth in this Report, Defendants' motion for summary judgment (docket no. 30) should be **GRANTED**, and Plaintiff's complaint should be dismissed in its entirety.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 8, 2019　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: March 8, 2019　　　　s/ Leanne Hosking
　　　　　　　　　　　　　　Case Manager