UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY STANLEY,

        Plaintiff,        Case No. 18-cv-10207

v.        Paul D. Borman
        United States District Judge

BEVERLY HAYNES-LOVE, JOHN
BEECHER, STANLEY DAVIDSON,        Mona K. Mazjoub
and SPENCER BURKE,        United States Magistrate Judge

        Defendants.
_____/

**OPINION AND ORDER:**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 36);**
**(2) ADOPTING THE REPORT AND RECOMMENDATION OF**
**MAGISTRATE JUDGE MONA K. MAJZOUB (ECF NO. 35); and**
**(3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**(ECF NO. 30)**

On March 8, 2019, Magistrate Judge Mona K. Mazjoub issued a Report and Recommendation addressing Defendants' Motion for Summary Judgment. (ECF No. 35, Report and Recommendation.) In the Report and Recommendation, the Magistrate Judge recommended that this Court grant Defendants' October 23, 2018 Motion for Summary Judgment (ECF No. 30), and dismiss the case in its entirety.

Now before the Court are Plaintiff's Objections to the Report and Recommendation. (ECF No. 36, Pl.'s Obj., Mar. 27, 2019.) Defendants did not file a Response. Having conducted a *de novo* review of the parts of the Magistrate

Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will reject Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

In November 2014, Plaintiff, a prisoner within the Michigan Department of Corrections, underwent surgery to his right ankle and was required to wear a cast during recovery. (ECF no. 1, pp. 17, 19.) Nurse Practitioner Wendy Liu directed Plaintiff to cover the cast with two trash bags when he took a shower. (*Id.* at 6.) Initially, Corrections Officers John Beecher and Beverly Haynes-Love gave Plaintiff two bags per day without incident. (*Id.*) On January 9, 2015, however, Officer Beecher explained that he and Officer Haynes-Love contacted Nurse "Spence" (i.e., Defendant Spencer Burke), who determined that Plaintiff could use one trash bag to shower and should reuse each bag for one week. (*Id.* at 7.) Plaintiff wrote a grievance against Officer Beecher, contending that NP Liu's medical detail entitled him to two bags per day. (*Id.* at 28.) On February 3, 2015, Prisoner Counsel Stanley Davidson met with Plaintiff and resolved the grievance by agreeing that Plaintiff should continue to receive two bags per day according to NP Liu's detail. (*Id.*)

On February 9, 2015, Officer Haynes-Love declined to give Plaintiff two trash bags because NP Liu's medical detail had expired. (*Id.* at 30, 32.) Plaintiff obtained

2

one bag from another prisoner and took a shower. (*Id.* at 11.) Upon discovering that his cast was wet, he reported to the prison's Health Services department. (*Id.*) The next day, Plaintiff was driven to Allegiance Hospital to have his cast changed, but when he arrived he was told that his appointment had been cancelled. (*Id.*) On returning to the prison, Plaintiff was examined by Nurse Spence, who determined that his cast did not need to be changed. (*Id.* at 12.) Plaintiff again met with Prisoner Counsel Davidson, who explained that Plaintiff would not be given more trash bags until NP Liu issued a new detail. (*Id.*) Plaintiff did not take a shower for three days, until NP Liu issued a new detail on February 12, 2015. (*Id.*)

Plaintiff contends that Defendants' actions violate the First Amendment, the Eighth Amendment, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"). (*Id.* at 13–14.) Plaintiff seeks damages under 42 U.S.C. § 1983 and declaratory relief. (*Id.*)

On October 23, 2018, Defendants filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF no. 30.) On the same day, Defendants moved to stay discovery pending resolution of their motion for summary judgment. (ECF no. 31.) Discovery in this matter opened on September 12, 2018 and was set to continue through June 21, 2019. (ECF no. 29.) Plaintiff did not respond directly to Defendant's motion for summary judgment. However, in

3

response to Defendants' motion to stay discovery, Plaintiff contended that "this court should not grant summary judgment against a party who has not had an opportunity to pursue discovery." (ECF no. 33, p. 3.)

In the Report and Recommendation on Defendants' Motion for Summary Judgment (ECF No. 35), the Magistrate Judge first considered what she interpreted to be a request by Plaintiff under Federal Rule of Civil Procedure 56(d). Rule 56(d) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, he or she cannot present facts essential to oppose a motion for summary judgment, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. The Magistrate Judge noted that a court may deny a Rule 56(d) request if "further discovery would not have changed the legal and factual deficiencies." *CenTra, Inc., v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (citing *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996)). Having noted that Plaintiff's specific requests for further discovery would not have created any genuine issue of material fact as those issues were already conceded by Defendants, the Magistrate Judge proceeded to analyze Defendants' Motion on the pleadings alone, under Federal Rule of Civil Procedure 12(c). (ECF #35, Report and Recommendation, PgID 305-06.) The Magistrate Judge recommended that the Court grant Defendant's Motion

for Summary Judgment.

Although the Magistrate Judge comprehensively addressed all of the issues raised in Defendants' Motion, Plaintiff has raised several objections: (1) the Magistrate Judge did not mention that Plaintiff's grievance was resolved by agreement that the housing unit would provide trash bags according to his medical detail; (2) the Magistrate Judge did not mention that Plaintiff also alleged that he was denied two trash bags on January 14, 2015; (3) Plaintiff stated a claim for First Amendment Retaliation, Deliberate Indifference, and violation of the ADA; (4) Plaintiff's claims should not have been dismissed on the pleadings; and (5) Plaintiff should have been permitted discovery. (ECF No. 36.)

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. *Id*. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously

presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

## III. ANALYSIS

### A. Objections One and Two

Plaintiff's first two objections, that the Magistrate Judge did not mention that Plaintiff's grievance was resolved by an agreement that the housing unit would provide trash bags according to his medical detail and that the Magistrate Judge did not mention that Plaintiff also alleged that he was denied two trash bags on January 14, 2015, are without merit. The Magistrate Judge indeed mentioned the resolution of the grievance according to Plaintiff's medical detail (Report and Recommendation, PgID 302), and Plaintiff's grievance addressed the January 9, 2015 denial only. Moreover, omission of the alleged January 14, 2015 trash bag

denial from the recitation of facts in the Report and Recommendation is harmless error. Accordingly, the first and second objections are overruled.

**B. Objection Three**

The Court has conducted a *de novo* review of Plaintiff's objection to the Magistrate Judge's finding that he failed to state a claim for First Amendment Retaliation, cruel and unusual punishment, or under the ADA. Plaintiff predominantly alleges that he could not shower for the three days that he did not have a medical detail for trash bags. This does not amount to an adverse action sufficient to state a claim for First Amendment Retaliation. *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011) ("Routine inconveniences of prison life . . . do not constitute adverse action.") Plaintiff's allegation of inability to shower for the few days until the medical detail was renewed does not state a claim for cruel and unusual punishment under the Eighth Amendment. *Siller v. Dean*, 205 F.3d 1341 (6th Cir. Feb. 1, 2000) (unpublished decision) (deprivation of a shower and other personal hygiene items for a "brief span of time . . ., i.e., only six days" is not actionable conduct); *see Walker v. Mintzes*, 771 F.2d 920, 928 (6th Cir. 1985) (affirming the district court's order that general-population prisoners receive three showers per week as a constitutional minimum). Lastly, Plaintiff cannot pursue claims against Defendants individually under Title II of the ADA, and the Eleventh

Amendment bars any such official capacity claims. *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) (unpublished) (citing *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir. 1999)); *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002). Thus, Plaintiff fails to state a claim under the ADA as well. Accordingly, the third objection is overruled.

**C. Objection Four**

Plaintiff objects to dismissal of his claims on the pleadings. However, as discussed in the Report and Recommendation and above, Plaintiff failed to state a claim from the outset in Count I, II or III of his Complaint. Therefore, the fourth objection is overruled.

**D. Objection Five**

Plaintiff argues that he should have been entitled to discovery on the issue of whether his appointment was cancelled after Plaintiff was transferred to the hospital by a non-party officer, as he states in his Complaint (ECF #1, PgID 11), or if the appointment was ever scheduled in the first place, as he suggests in the fifth objection. Such new allegations do not relate to the alleged denial of two trash bags and/or Plaintiff's inability to shower, which are the only issues underlying all three of Plaintiff's purported claims. The Court therefore overrules the fifth objection.

## IV. Conclusion

For all of the reasons stated above, the Court hereby:

- OVERRULES Plaintiff's Objections (ECF No. 36);

- ADOPTS the Report and Recommendation of Magistrate Judge Mona K. Majzoub (ECF No. 35); and

- GRANTS Defendant's Motion for Summary Judgment (ECF No. 30).

The Court dismisses this case in its entirety.

IT IS SO ORDERED.

                                                    s/Paul D. Borman  
                                                    Paul D. Borman  
                                                    United States District Judge

Dated: August 21, 2019